## No. 5822.

### J. B. CAMORS & CO. vs. THE PEOPLE'S INSURANCE CO.

An order to pay a certain sum out of a special fund, when assented to by the person holding the fund, is equivalent to an assignment of so much of it.

While it is true that a debt cannot be transferred or assigned in parts without the consent of the debtor, since he cannot be compelled to pay in fractions, where parties holding claims are induced to believe that such consent exists, it will be construed as an express consent.

A payment to the creditor, who is himself insolvent, in fraud of the orders he has given upon the fund, will not be deemed a discharge of the debt, and the debtor will be decreed to pay again to those holding the orders.

APPEAL from the Fifth District Court of New Orleans. CULLOM, J.

---

---

*Singleton & Browne* for Plaintiffs Appellants.   *Braughn, Buck*, and *Dinkelspiel* for Defendant.

Jos. Borzone was insured in the defendant company for $6,600, and his loss by fire was estimated by him at $6,381. He was indebted to the plaintiffs $3,941, and to others in various sums. He made a *pro rata* distribution among them of the amount the company owed him on his policy as estimated by him, and gave to each of them an order on the company for such sum. Each one of these creditors of Borzone went immediately to the company office and presented these orders to the secretary, and requested his acceptance, who declined to give it, saying the loss had not been ascertained. The orders were left with him. After keeping them three weeks he returned them by order of the directors, and on the same day the company compromised with Borzone for less than one-third his estimate of what was due him and paid him at ten o'clock that night. Borzone had nothing after the fire but his claim under his policy.

The suit is to recover the amount of the order given to the plaintiffs.

After reciting the contradictory testimony : —

SPENCER, J.   We are satisfied these parties were led to believe that the company had no objection to paying them to the extent of the amount due under the loss. What good reason could have urged for not paying them? What difference did it make to the company whether it paid the loss to Borzone or his assignees? By its course in this matter we think the company ought to be held to have consented to the arrangement between Borzone and his creditors, and therefore its conduct in precipitately paying the loss to the insolvent debtor, without notice to his creditors holding the orders, is a flagrant wrong that cannot be tolerated. The proof satisfies us that Borzone's estimate of the loss was too large, and we are strongly of opinion the sum paid, $2,000, was too small, but we are not able from the testimony to fix it at a different sum. Taking that as a basis, the plaintiffs must have judgment for their proportional part of it.

*Judgment reversed, and decreed accordingly.*